UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION
_____

DEVON SHIVERS,

        Plaintiff,           Case No. 2:25-cv-142

v.           Honorable Sally J. Berens

ERICA HUSS et al.,

        Defendants.
_____/

**OPINION**

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. In a separate order, the Court has granted Plaintiff leave to proceed *in forma pauperis*. Pursuant to 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure, Plaintiff consented to proceed in all matters in this action under the jurisdiction of a United States Magistrate Judge. (ECF No. 1, PageID.7.)

This case is presently before the Court for preliminary review under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court is required to conduct this initial review prior to the service of the complaint. *See In re Prison Litig. Reform Act*, 105 F.3d 1131, 1131, 1134 (6th Cir. 1997); *McGore v. Wrigglesworth*, 114 F.3d 601, 604–05 (6th Cir. 1997).

Service of the complaint on the named defendants is of particular significance in defining a putative defendant's relationship to the proceedings. "An individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process." *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S.

344, 347 (1999). "Service of process, under longstanding tradition in our system of justice, is fundamental to any procedural imposition on a named defendant." *Id.* at 350. "[O]ne becomes a party officially, and is required to take action in that capacity, only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend." *Id.* (citations omitted). That is, "[u]nless a named defendant agrees to waive service, the summons continues to function as the *sine qua non* directing an individual or entity to participate in a civil action or forgo procedural or substantive rights." *Id.* at 351. Therefore, the PLRA, by requiring courts to review and even resolve a plaintiff's claims before service, creates a circumstance where there may only be one party to the proceeding—the plaintiff—at the district court level and on appeal. *See, e.g.*, *Conway v. Fayette Cnty. Gov't*, 212 F. App'x 418 (6th Cir. 2007) ("Pursuant to 28 U.S.C. § 1915A, the district court screened the complaint and dismissed it without prejudice before service was made upon any of the defendants . . . [such that] . . . only [the plaintiff] [wa]s a party to this appeal.").

Here, Plaintiff has consented to a United States Magistrate Judge conducting all proceedings in this case under 28 U.S.C. § 636(c). That statute provides that "[u]pon the consent of the parties, a full-time United States magistrate judge . . . may conduct any or all proceedings . . . and order the entry of judgment in the case . . . ." 28 U.S.C. § 636(c). Because the named Defendants have not yet been served, the undersigned concludes that they are not presently parties whose consent is required to permit the undersigned to conduct a preliminary review under the PLRA, in the same way they are not parties who will be served with or given notice of this opinion. *See Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir. 1995) ("The record does not contain a

2

consent from the defendants[; h]owever, because they had not been served, they were not parties to this action at the time the magistrate entered judgment.").[1]

Under the PLRA, the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint as frivolous because it is duplicative of a pending action that Plaintiff previously filed in this Court. Plaintiff's motion to appoint counsel (ECF No. 3) will be denied.

## Discussion

### I.    Factual Allegations

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Baraga Correctional Facility in Baraga, Baraga County, Michigan. The events about which he complains occurred at the Marquette Branch Prison (MBP) in Marquette, Marquette County, Michigan. Plaintiff sues the following MBP personnel: Warden Unknown Huss, Correctional

---

[1] *But see Coleman v. Lab. & Indus. Rev. Comm'n of Wis.*, 860 F.3d 461, 471 (7th Cir. 2017) (concluding that, when determining which parties are required to consent to proceed before a United States Magistrate Judge under 28 U.S.C. § 636(c), "context matters" and the context the United States Supreme Court considered in *Murphy Bros.* was nothing like the context of a screening dismissal pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c)); *Williams v. King*, 875 F.3d 500, 503–04 (9th Cir. 2017) (relying on Black's Law Dictionary for the definition of "parties" and not addressing *Murphy Bros.*); *Burton v. Schamp*, 25 F.4th 198, 207 n.26 (3d Cir. 2022) (premising its discussion of "the term 'parties' solely in relation to its meaning in Section 636(c)(1), and . . . not tak[ing] an opinion on the meaning of 'parties' in other contexts").

Officer Unknown Ringuette, Correctional Officer Unknown Beresset,[2] and Resident Unit Manager Unkown Vittla. (Compl., ECF No, 1, PageID.2.)

In Plaintiff's complaint, he alleges that on February 25, 2022, Defendant Huss issued him a "falsified misconduct report saying [Plaintiff] had a maroon prayer rug and towel hanging from [his] cell bars."[3] (*Id.*, PageID.3.) On March 1, 2022, during the hearing for the misconduct charge, Plaintiff told Lieutenant Minthorn that Plaintiff did "not own or have a maroon prayer rug or a maroon towel." (*Id.*) In response, Lieutenant Minthorn stated: "The misconduct is no mistake that [Plaintiff] ha[s] been writing grievance[s], complaints, and filed a civil suit, so more retaliation coming." (*Id.* (phrasing in original retained).)

On March 15, 2022, Sergeant Allen interviewed Plaintiff regarding the grievance he submitted about Defendant Huss's actions. (*Id.*) The following day, Sergeant Allen interviewed Defendant Huss about Plaintiff's grievance, and Huss stated: "Prisoner Shivers was ordered to remove items from his cell bars and at no time did he comply." (*Id.*) Plaintiff "asked to review [the] camera footage and look at [Plaintiff's] prisoner property card," and "Sergeant Allen refused to do both requests." (*Id.* (phrasing in original retained).) Plaintiff's step II grievance about the matter was reviewed by Defendant Huss on April 9, 2022. (*Id.*)

On April 8, 2022, Defendant Beresset told Plaintiff that he wanted Plaintiff "to strip for [Beresset]," and Defendant Beresset made an additional sexual comment to Plaintiff. (*Id.*, PageID.4.) In response, Plaintiff told Beresset that Plaintiff was "not a homosexual." (*Id.*)

---

[2] Plaintiff spells this Defendant's last name as both "Beresset" and "Beressette." (*See, e.g.*, Compl., ECF No. 1, PageID.1, 4.)

[3] In this opinion, the Court corrects the spelling, punctuation, and capitalization in quotations from Plaintiff's complaint.

Although not specifically articulated by Plaintiff, his allegations suggest that at some point, he filed a Prison Rape Elimination Act grievance. (*See id.*)

On April 29, 2022, Defendant Ringuette issued Plaintiff a misconduct ticket for threatening behavior, which Plaintiff alleges was "falsif[ied]" and issued in retaliation for Plaintiff's PREA grievance. (*Id.*, PageID.4–5.)

Also, on April 29, 2022, Plaintiff sent a letter to Defendant Huss, asking why Plaintiff had not been informed of "Latisha Shiver['s]" telephone call to the prison, informing them that Plaintiff's brother had died. (*Id.*, PageID.3–4.) Thereafter, on May 4, 2022, Plaintiff submitted a grievance about the matter. (*Id.*, PageID.4.) As relief, Plaintiff seeks a declaratory judgment and monetary damages. (*Id.*, PageID.8–9.)

The events of which Plaintiff complains in the present action are already the subject of another action that Plaintiff filed in this Court, which remains pending: *Shivers v. Huss et al.*, No. 2:25-cv-3 (W.D. Mich.), wherein Plaintiff sues MBP Warden Unknown Huss, MBP Correctional Officer Unknown Ringuette,[4] MBP Correctional Officer Unknown Beressette, and MBP Resident Unit Manager Unknow Vittla, all of whom are Defendants in the present action. In *Shivers v. Huss et al.*, No. 2:25-cv-3 (W.D. Mich.), Plaintiff also sues the following additional MBP staff: Lieutenant Unknown Minthorn, Sergeant Unknown Allen, Lieutenant Unknown Schroderus, and Lieutenant Unknown Neubecker.

---

[4] In *Shivers v. Huss et al.*, No. 2:25-cv-3 (W.D. Mich.), Plaintiff spells this Defendant's last name as "Rinquette," however, based on the essentially identical factual allegations regarding this Defendant in both actions, it appears that this is the same Defendant.

## II. Motion to Appoint Counsel

When Plaintiff filed his complaint, he also filed a motion to appoint counsel. (ECF No. 3.) In that motion, he also requests that the Court subpoena LaTisha Shivers "to testify" on Plaintiff's behalf. (*Id.*, PageID.21.)

As to Plaintiff's request for the appointment of counsel, indigent parties in civil cases have no constitutional right to a court-appointed attorney. *Abdur-Rahman v. Mich. Dep't of Corr.*, 65 F.3d 489, 492 (6th Cir. 1995); *Lavado v. Keohane*, 992 F.2d 601, 604–05 (6th Cir. 1993). The Court may, however, request an attorney to serve as counsel, in the Court's discretion. *Abdur-Rahman*, 65 F.3d at 492; *Lavado*, 992 F.2d at 604–05; *see Mallard v. U.S. Dist. Ct.*, 490 U.S. 296 (1989).

Appointment of counsel is a privilege that is justified only in exceptional circumstances. In determining whether to exercise its discretion, the Court should consider the complexity of the issues, the procedural posture of the case, and Plaintiff's apparent ability to prosecute the action without the help of counsel. *See Lavado*, 992 F.2d at 606. The Court has carefully considered these factors and has determined that the assistance of counsel is not necessary to the proper presentation of Plaintiff's position. Plaintiff's request for the appointment of counsel (ECF No. 3) therefore will be denied.

Further, as to Plaintiff's request for the Court to subpoena LaTisha Shivers "to testify," as set forth in this opinion, the Court will dismiss Plaintiff's complaint on preliminary review because the action is duplicative of one of Plaintiff's previously filed actions, which remains pending in this Court. Under these circumstances, Plaintiff's request for the Court to subpoena LaTisha Shivers "to testify" in this action is both premature and unnecessary and will be denied.

### III.  Duplicative Filing

Plaintiffs generally have "no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant." *Walton v. Eaton Corp.*, 563 F.2d 66, 70 (3d Cir. 1977) (citations omitted). Accordingly, as part of its inherent power to administer its docket, a district court may dismiss a suit that is duplicative of another federal court suit. *See Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976) ("As between federal district courts, however, though no precise rule has evolved, the general principle is to avoid duplicative litigation." (citations omitted)); *Missouri ex rel. Nixon v. Prudential Health Care Plan, Inc.*, 259 F.3d 949, 953–54 (8th Cir. 2001); *Curtis v. Citibank, N.A.*, 226 F.3d 133, 138–39 (2d Cir. 2000); *Smith v. SEC*, 129 F.3d 356, 361 (6th Cir. 1997). "The power to dismiss a duplicative lawsuit is meant to foster judicial economy and the 'comprehensive disposition of litigation,'" *Curtis*, 226 F.3d at 138 (quoting *Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co.*, 342 U.S. 180, 183 (1952)), and "to protect parties from 'the vexation of concurrent litigation over the same subject matter.'" *Id.* (quoting *Adam v. Jacobs*, 950 F.2d 89, 93 (2d Cir. 1991)).

In addition, courts have held that a complaint that merely repeats pending or previously litigated claims may be dismissed on PLRA screening as frivolous or malicious. *See, e.g.*, *McWilliams v. State of Colo.*, 121 F.3d 573, 574 (10th Cir. 1997) (holding that repetitious litigation of virtually identical causes of action may be dismissed as frivolous or malicious); *Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995) (noting that an action may be dismissed as frivolous when the complaint "merely repeats pending or previously litigated claims" (citations omitted)); *Pittman v. Moore*, 980 F.2d 994, 994–95 (5th Cir. 1993) (finding that it is "malicious" to file a lawsuit that duplicates allegations of another pending federal lawsuit by the same plaintiff); *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988) (holding that it was appropriate to dismiss a civil

rights suit by a prison inmate where the suit was duplicative of facts and allegations made in a previously dismissed suit, and merely named a different defendant whose actions formed a partial basis for the previous suit); *Hahn v. Tarnow*, No. 06-cv-12814, 2006 WL 2160934, at *7–8 (E.D. Mich. July 31, 2006).

A complaint is duplicative and subject to dismissal if the claims, parties, and available relief do not significantly differ from an earlier-filed action. *See Serlin v. Arthur Andersen & Co.*, 3 F.3d 221, 223 (7th Cir. 1993). Although complaints may not "significantly differ," they need not be identical. Courts focus on the substance of the complaint. *See, e.g.*, *Bailey*, 846 F.2d at 1021 (holding that a complaint was duplicative although different defendants were named because it "repeat[ed] the same factual allegations" asserted in the earlier case).

Here, Plaintiff's claims against the named Defendants in this action are also presented in Plaintiff's previously filed action, *Shivers v. Huss et al.*, No. 2:25-cv-3 (W.D. Mich.), which remains pending in this Court. Considering the substantial similarities between the legal claims and factual allegations in the present action and in Plaintiff's prior action, the Court concludes that the present complaint is duplicative of Plaintiff's prior complaint with regard to all of Plaintiff's present claims. Therefore, pursuant to the Court's inherent power and the screening provisions of the PLRA, Plaintiff's complaint will be dismissed because it is wholly duplicative and, therefore, frivolous.

## **Conclusion**

Plaintiff's motion to appoint counsel (ECF No. 3) will be denied. Further, having conducted the review required by the PLRA, the Court determines that Plaintiff's complaint will be dismissed as frivolous under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir.

8

1997). For the same reasons the Court concludes that Plaintiff's claims are properly dismissed, the Court also concludes that any issue Plaintiff might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). Accordingly, the Court certifies that an appeal would not be taken in good faith.

An order and judgment consistent with this opinion will be entered.


Dated:   September 4, 2025                              /s/ Sally J. Berens
                                                        SALLY J. BERENS
                                                        United States Magistrate Judge